| | |
|---|---|
| DISTRICT COURT, COUNTY OF EL PASO, COLORADO<br>270 S. Tejon Street<br>Colorado Springs, CO 80903 | |
| **Plaintiffs:** BRENT MODRAL and NATASCHA MODRAL<br><br>**Defendants:** ARTISAN AND TRUCKERS CASUALTY COMPANY d/b/a PROGRESSIVE COMMERCIAL and SAFECO INSURANCE COMPANY OF AMERICA | ▲ COURT USE ONLY ▲ |
| Attorney for Plaintiffs:<br>Robert J. Anderson, P.C.<br>Robert J. Anderson, #10782<br>Scott F. Anderson, #44980<br>Fotios M. Burtzos, #10432<br>Joseph M. Timmins, #17512<br>217 East Fillmore Street<br>Colorado Springs, CO, 80907<br>Phone Number: (719) 473-3040<br>Fax Number: (719) 473-0138<br>Email: rja@lawrja.com; scott@lawrja.com; fred@lawrja.com; joe@lawrja.com | Case Number: 22CV030733<br><br>Div: 15   Ctrm: |
| **COMPLAINT** | |

Plaintiffs, Brent Modral and Natascha Modral, by and through their attorney of record, ROBERT J. ANDERSON, P.C., hereby Complain against Defendants, and state as follows:

## JURISDICTION AND VENUE

1. Plaintiff Brent Modral is a private individual, resident of El Paso County, residing at the address of Brent Modral, 5813 Whiskey River Drive, Colorado Springs, State of Colorado.

2. Plaintiff Natascha Modral is a private individual, resident of El Paso County, residing at the address of 5813 Whiskey River Drive, Colorado Springs, State of Colorado.

3. Defendant Artisan and Truckers Casualty Company d/b/a Progressive Commercial (hereinafter "Progressive Commercial") is the auto insurance carrier for Plaintiffs. It is licensed and doing business in the State of Colorado in El Paso County.

4. Defendant Safeco Insurance Company of America is the auto insurance carrier for Plaintiffs. It is licensed and doing business in the State of Colorado in El Paso County.

1

5.     This suit stems from an incident occurring in Douglas County, Colorado.

6.     This Court has jurisdiction over the parties and subject matter and venue is proper in El Paso County.

## FIRST CAUSE OF ACTION
## CLAIM FOR UNDERINSURED MOTORIST BENEFITS –
## ARTISAN AND TRUCKERS CASUALTY COMPANY d/b/a
## PROGRESSIVE COMMERCIAL

7.     Paragraphs 1 through 6 are incorporated herein.

8.     On or about February 23, 2017, Plaintiff Brent Modral was the restrained driver of a vehicle traveling northbound on Colorado Highway 83, in the County of Douglas, State of Colorado. Plaintiff Natascha Modral was riding as a passenger in Brent Modral's vehicle.

9.     On that same date and place, Monica Gonzalez was traveling northbound on Colorado Highway 83. Ms. Gonzalez lost control of her vehicle, failed to stop, and caused a chain reaction accident in which Plaintiffs' vehicle was the third vehicle in a line of vehicles to be struck from the rear. Ms. Gonzalez was required to stop, and Ms. Gonzalez failed to stop.

10.    These actions caused serious injuries to Plaintiffs.

11.    As a direct and proximate result of the negligence of Monica Gonzalez, Plaintiff Brent Modral sustained injuries including, but not limited to, neck pain, shoulder pain, arm pain, back pain, right knee pain, and weakness in the extremities, in addition to enduring headaches, cognitive complaints, difficulty sleeping, and driving anxiety, all resulting in mental and physical pain and suffering. Plaintiff Brent Modral has also incurred medical and other related expenses as a result of said injuries.

12.    As a direct and proximate result of the negligence of Monica Gonzalez, Plaintiff Natascha Modral sustained injuries including, but not limited to, jaw pain, pain with swallowing, swollen glands, dry mouth, ear pain, neck pain, shoulder pain, rib pain, numbness in hands and fingers, back pain, and hip pain, in addition to enduring headaches, visual complaints, ringing in ears, balance issues, dizziness, nausea, difficulty sleeping, fatigue, and driving anxiety, all resulting in mental and physical pain and suffering. Plaintiff Natascha Modral has also incurred medical and other related expenses as a result of said injuries.

13.    As a further and proximate result of the negligence of Monica Gonzalez, each Plaintiff has and will incur in the future physical and mental pain and suffering and loss of enjoyment of life; each Plaintiff has and will continue to experience physical impairment; each Plaintiff has incurred, and will continue to incur, medical expenses, as well as economic and non-economic loss.

14. At the time of the incident, Monica Gonzalez was an underinsured motorist.

15. Monica Gonzalez had one and only one policy of insurance in force providing her coverage at the time of this incident. It had a limit of coverage of $100,000 per person and $300,000 per accident.

16. Plaintiff Brent Modral received $75,000 of this amount.

17. Plaintiff Natascha Modral received $65,000 of this amount.

18. Plaintiffs were covered by a policy including uninsured/underinsured motorist benefits with Progressive Commercial. Such policy provided for payment of monies for underinsured coverage on the accident that is the subject of this Complaint. Plaintiffs are entitled to monies pursuant to that contract. Plaintiffs and Defendant Progressive Commercial were unable to resolve their underinsured claims amicably.

19. Plaintiffs are entitled to receive underinsured benefits pursuant to state law and contract from Defendant Progressive Commercial.

20. All conditions precedent have been met.

## SECOND CAUSE OF ACTION
## VIOLATION OF C.R.S. 10-3-1115 AND C.R.S. 10-3-1116
## ARTISAN AND TRUCKERS CASUALTY COMPANY d/b/a
## PROGRESSIVE COMMERCIAL

21. Paragraphs 1 through 20 are incorporated herein.

22. Progressive Commercial has unreasonably denied or delayed payment in violation of C.R.S. 10-3-1115.

23. Progressive Commercial is subject to sanctions of C.R.S. 10-3-1116 for double damages, court costs, and attorneys' fees.

24. Progressive Commercial was sent demand packages including the relevant and related records on September 30, 2021.

25. Progressive Commercial responded to those demands on November 19, 2021, requesting additional information. The requested information was provided on November 19, 2021.

3

26. On March 23, 2022, a representative of Defendant Progressive Commercial stated the tort limits of $100,000 per person and $300,000 per accident were adequate to compensate Plaintiffs and she was not in a position to make any offers under the UIM claim.

27. Defendant Progressive Commercial has taken unreasonable action to resolve Plaintiffs' claims, forcing Plaintiffs to file suit to resolve their claims for damages and injuries. Such actions are a violation of C.R.S. 10-3-1115, C.R.S. 10-3-1116, and other related regulations.

28. Plaintiffs seek an award for damages pursuant to C.R.S. 10-3-1115 and 1116.

29. All conditions precedent have been met.

### THIRD CAUSE OF ACTION
### DETERMINATION OF BENEFITS –
### ARTISAN AND TRUCKERS CASUALTY COMPANY d/b/a
### PROGRESSIVE COMMERCIAL

30. Paragraphs 1 through 29 are incorporated herein.

31. At the time of the collision, Plaintiffs were insured persons under the terms of the Policy with Progressive Commercial.

32. Plaintiffs are authorized by the terms of the Policy and Colorado law to obtain a determination in a court of law of the amount of underinsured motorist benefits owed by Progressive Commercial under the contract of insurance, and to have such determination reduced to judgment.

33. Plaintiffs seek through this claim to have a jury determine the amount of UIM benefits to which they are entitled as a result of the negligence of Monica Gonzalez, and to have such determination reduced to judgment in Plaintiffs' favor against Defendant Progressive Commercial.

### FOURTH CAUSE OF ACTION
### CLAIM FOR UNDERINSURED MOTORIST BENEFITS –
### SAFECO INSURANCE COMPANY OF AMERICA

34. Paragraphs 1 through 33 are incorporated herein.

35. On or about February 23, 2017, Plaintiff Brent Modral was the restrained driver of a vehicle traveling northbound on Colorado Highway 83, in the County of Douglas, State of Colorado. Plaintiff Natascha Modral was riding as a passenger in Brent Modral's vehicle.

36. On that same date and place, Monica Gonzalez was traveling northbound on Colorado Highway 83. Ms. Gonzalez lost control of her vehicle, failed to stop, and caused a chain

reaction accident in which Plaintiffs' vehicle was the third vehicle in a line of vehicles to be struck from the rear. Ms. Gonzalez was required to stop, and Ms. Gonzalez failed to stop.

37. These actions caused serious injuries to Plaintiffs.

38. As a direct and proximate result of the negligence of Monica Gonzalez, Plaintiff Brent Modral sustained injuries including, but not limited to, neck pain, shoulder pain, arm pain, back pain, right knee pain, and weakness in the extremities, in addition to enduring headaches, cognitive complaints, difficulty sleeping, and driving anxiety, all resulting in mental and physical pain and suffering. Plaintiff Brent Modral has also incurred medical and other related expenses as a result of said injuries.

39. As a direct and proximate result of the negligence of Monica Gonzalez, Plaintiff Natascha Modral sustained injuries including, but not limited to, jaw pain, pain with swallowing, swollen glands, dry mouth, ear pain, neck pain, shoulder pain, rib pain, numbness in hands and fingers, back pain, and hip pain, in addition to enduring headaches, visual complaints, ringing in ears, balance issues, dizziness, nausea, difficulty sleeping, fatigue, and driving anxiety, all resulting in mental and physical pain and suffering. Plaintiff Natascha Modral has also incurred medical and other related expenses as a result of said injuries.

40. As a further and proximate result of the negligence of Monica Gonzalez, each Plaintiff has and will incur in the future physical and mental pain and suffering and loss of enjoyment of life; each Plaintiff has and will continue to experience physical impairment; each Plaintiff has incurred, and will continue to incur, medical expenses, as well as economic and non-economic loss.

41. At the time of the incident, Monica Gonzalez was an underinsured motorist.

42. Monica Gonzalez had one and only one policy of insurance in force providing her coverage at the time of this incident. It had a limit of coverage of $100,000 per person and $300,000 per accident.

43. Plaintiff Brent Modral received $75,000 of this amount.

44. Plaintiff Natascha Modral received $65,000 of this amount.

45. Plaintiffs were covered by a policy including uninsured/underinsured motorist benefits with Defendant Safeco Insurance Company of America. Such policy provided for payment of monies for underinsured coverage on the accident that is the subject of this Complaint. Plaintiffs are entitled to monies pursuant to that contract. Plaintiffs and Defendant Safeco Insurance Company of America were unable to resolve their underinsured claims amicably.

46. Plaintiffs are entitled to receive underinsured benefits pursuant to state law and contract from Defendant Safeco Insurance Company of America.

47. All conditions precedent have been met.

## FIFTH CAUSE OF ACTION
## VIOLATION OF C.R.S. 10-3-1115 AND C.R.S. 10-3-1116
## SAFECO INSURANCE COMPANY OF AMERICA

48. Paragraphs 1 through 47 are incorporated herein.

49. Safeco Insurance Company of America has unreasonably denied or delayed payment in violation of C.R.S. 10-3-1115.

50. Safeco Insurance Company of America is subject to sanctions of C.R.S. 10-3-1116 for double damages, court costs, and attorneys' fees.

51. Safeco Insurance Company of America was sent demand packages including the relevant and related records on September 30, 2021.

52. Safeco Insurance Company of America responded to those demands December 29, 2021, stating it was their understanding that Progressive Insurance (Artisan and Truckers Casualty Insurance Company) was the primary UIM carrier for this loss. They further stated that it is their belief that the tortfeasor's policy plus that of the primary UIM carrier fully indemnifies Plaintiffs at that time.

53. Defendant Safeco Insurance Company of America has taken unreasonable action to resolve Plaintiffs' claims, forcing Plaintiffs to file suit to resolve their claims for damages and injuries. Such actions are a violation of C.R.S. 10-3-1115, C.R.S. 10-3-1116, and other related regulations.

54. Plaintiffs seek an award for damages pursuant to C.R.S. 10-3-1115 and 1116.

55. All conditions precedent have been met.

## SIXTH CAUSE OF ACTION
## DETERMINATION OF BENEFITS –
## SAFECO INSURANCE COMPANY OF AMERICA

56. Paragraphs 1 through 55 are incorporated herein.

57. At the time of the collision, Plaintiffs were insured persons under the terms of the Policy with Safeco Insurance Company of America.

58. Plaintiffs are authorized by the terms of the Policy and Colorado law to obtain a determination in a court of law of the amount of underinsured motorist benefits owed by Safeco

Insurance Company of America under the contract of insurance, and to have such determination reduced to judgment.

59. Plaintiffs seek through this claim to have a jury determine the amount of UIM benefits to which they are entitled as a result of the negligence of Monica Gonzalez, and to have such determination reduced to judgment in Plaintiffs' favor against Defendant Safeco Insurance Company of America.

WHEREFORE, Plaintiffs pray for judgment against Defendants in an amount which is undetermined at this time, plus interest from the date of occurrence, or as provided by law, for bodily injury, medical costs, economic loss, non-economic loss, permanent impairment, costs in bringing this action, damages pursuant to C.R.S. § 10-3-1115 and 1116, and any other relief which this Court might deem appropriate.

Respectfully submitted this 2nd day of May, 2022.

ROBERT J. ANDERSON, P.C.

Fotios M. Burtzos - #10432
Attorney for Plaintiffs

7